UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TABASUM QUBAD, | Case No. 2:25-cv-01253-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| FARMER BROS. CO., a foreign corporation; BREWMATIC CO., a foreign company; BREWMATIC INTERNATIONAL, a foreign corporation; DOE MANUFACTURERS I-X; ROE WHOLESALERS I-X; ROE RETAILERS I-X, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Compel Responses to Interrogatories Set One and Requests for Production of Documents Set One. ECF No. 16. The Motion was filed on March 20, 2026. As of the date of this Order no response or opposition has been filed.

**I.    Discussion**

Although Plaintiff's Motion does not identify to which Defendant the Motion is directed, Plaintiff's Points and Authorities do so. *Id*. at 3. The Motion demonstrates meet and confer efforts with Farmer Bros. Co. ("Farmer Bros.") yielded no willingness to compromise or amend objections to numerous discovery requests that fail to include any responsive information whatsoever. *Id*. at 3, 7, 9. The unopposed Motion further establishes that Farmer Bros. took the position that it would not provide additional information, "refused to cure any of the defects, … contended … their responses were perfectly sufficient[,] … [and were] specific that the purpose of refusing" was to prevent information from being used by "Plaintiff's timely-designated expert." *Id*. at 5. Plaintiff further explains that Farmer Bros.' position that the discovery was late must be rejected because the Interrogatories and Document Requests at issue were "served months before" discovery closed. *Id*.

Under United States District Court for the District of Nevada Local Rule 7-2(d) the Court may treat the failure of the non-moving party to respond to a motion as consent by that party to grant the motion. On this basis alone, the Court grants Plaintiff's Motion to Compel. The Court further

1

finds that the boilerplate objections to Interrogatories 1 through 12, 14 through 20, and 23 are insufficient and overruled by the Court. As discussed in *Alfaro v. City of San Diego*, where the defendant answered 14 contested interrogatories with the same boilerplate objection, "[n]onspecific boilerplate objections to an opposing party's interrogatories are 'inadequate under Federal Rules of Civil Procedure 33 and 34.'" Case No. 3:17-cv-00046-H-KSC, 2018 WL 4562240, at *1 (S.D. Cal. Sept. 21, 2018) *quoting Solomon v. Jacobson*, Case No. EDCV 15-1453-VAP (JPRx), 2016 WL 6039184, at *2 (C.D. Cal. Apr. 1, 2016), and *citing Romero v. Securus Techs., Inc.*, Case No. 16-cv-1283-JM-MDD, 2017 WL 4621223, at *2 (S.D. Cal. Oct. 16, 2017). The court in *Alfaro* further quoted Federal Rule 33: "'The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.' Fed. R. Civ. P. 33(b)(2). 'Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.' Fed. R. Civ. P. 33(b)(3)." *Id*. Whether Farmer Bros.' intent was to avoid responding to Plaintiff's Interrogatories, create a placeholder for future objections, or true gamesmanship, the objections are, as stated overruled. The Motion to Compel responses to Interrogatories 1 through 12, 14 through 20, and 23 is granted. Farmer Bros. must respond to each and all of these Interrogatories with fulsome factual information within its knowledge.

With respect to Interrogatories 1, 13, and 22, the Court finds reference to initial disclosures non-responsive. Further, to the extent objections were not asserted, they are waived. Plaintiff is entitled, without objections, to Farmer Bros.' complete, straightforward answers, to these Interrogatories. In *Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla*, the court explained the responding party's reference to initial disclosures were "inadequate, insufficient, evasive and incomplete and the antithesis of the liberal discovery obligations of the parties recognized by the Federal Rules of Civil Procedure." Case No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007). Farmer Bros. must respond to each and all of these Interrogatories with fulsome factual information within its knowledge. The Motion to Compel is granted as to Interrogatories 1, 13, and 22.

With respect to the Requests for Production of Documents 3 through 6, 11, and 14 through 16, Plaintiff complains Farmer Bros. responded by stating it had no documents responsive to the

requests. The Court cannot compel the production of documents a party does not have and Plaintiff's suspicion to the contrary is not sufficient to warrant an order to compel. *Porter v. Gore*, Case No. 18-cv-1221-GPC-LL, 2020 WL 1493615, at *5 (S.D. Cal. Mar. 27, 2020) ("A court cannot order a party to produce documents that do not exist ... A plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel") (citations and quotations omitted). The Court is not unsympathetic to Plaintiff's concerns given the inadequate responses to a substantial number of Interrogatories; however, with nothing more than a suspicion that there are documents responsive to Requests Nos. 3 through 6, 11, and 14 through 16, the Court has no basis to compel Farmer Bros. to produce anything. The Motion to Compel responses to these Requests for Production of Documents is denied without prejudice.

Farmer Bros.' responses to Requests for Production Nos. 7 through 10, 12, 13, 17, 18, 20, 25, and 26 are inadequate. The Motion is granted as to these Requests. Farmer Bros.' global response to each Request, referring Plaintiff to initial disclosures, is a violation of clearly established law. *Harris v. Valencia*, Case No. 2:19-cv-1751-DAD KJN P, 2022 WL 12022684, at *9 (E.D. Cal. Oct. 20, 2022) ("Plaintiff's general referral to his complaint, court records, declarations and exhibits is not an adequate response to defendant's request for production of documents") *citing C.T. v. Liberal School Dist*, Case Nos. 06-2093-JWL, 06-2360-JWL, 06-2359-JWL, 2008 WL 394217, 5 (D. Kan. 2008) (responding to a request for production by making a general reference to interrogatory answers, attached documents or initial disclosures is improper). Farmer Bros.' responses must identify, by Bates numbers, those specific documents responsive to Requests for Production Nos. 7 through 10, 12, 13, 17, 18, 20, 25, and 26. If any documents responsive to these requests have not been produced, they must be as no objections were raised and, therefore, all objections are waived.

Farmer Bros. must also produce all responsive documents to Plaintiff's Requests for Production Nos. 23, 27 through 34, 37, and 39 as the boilerplate objections are overruled. Document production in response to a Request for Documents is governed by Rule 34 not the scheduling order.

Farmer Bros. must produce all responsive documents to Plaintiff's Requests for Production Nos. 19 and 24. California's Code of Civil Procedure is inapplicable in federal court and certainly

inapplicable in Nevada.  The boilerplate objections are overruled.  Further, any documents withheld based on attorney-client privilege and work product should have been identified in a privilege log at the time the original response was made.  Federal Rule of Civil Procedure 26(b)(5) Addresses Claims of privilege and work product stating in subsection A: "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  To the extent Farmer Bros. withheld any documents from production based on privilege or work product, they must be identified in a privilege log that is served at the same time as all other responses ordered by the Court.  Failure to do so will result in a waiver of privilege and work product protections.

**II.    Order**

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (ECF No. [16]) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Farmer Bros.' supplemental responses to Interrogatories 1 through 13, 14 through 20, 22, and 23 are due no later than **April 30, 2026**.

IT IS FURTHER ORDERED that Farmer Bros.' supplemental responses to Requests for Production Nos. 7 through 10, 12, 13, 17, 18, 20, 23, 25, 26, 27 through 34, 37, and 39 are due no later than **April 30, 2026**.

IT IS FURTHER ORDERED that to the extent Farmer Bros. withheld any documents responsive to Requests for Production Nos. 19 and 24 based on claims of privilege or work product, a complete privilege log must be produced to Plaintiff no later than **April 30, 2026**.

IT IS FURTHER ORDERED that any documents not withheld based on privilege or work product, responsive to Requests for Production Nos. 19 and 24, must be produced no later than **April 30, 2026**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel documents responsive to Requests for Production Nos. 3 through 6, 11, and 14 through 16 is DENIED without prejudice.

IT IS FURTHER ORDERED that failure to comply with this Order may result in an award of attorney's fees, costs, and other monetary or evidentiary sanctions.

Dated this 13th day of April, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE